IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD CLAY MARTIN, #115429, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-832-WHA-SMD |
| | ) | [WO] |
| JEFFERSON S. DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff Jefferson S. Dunn, an inmate currently confined at the Elmore
Correctional Facility, brings this action under 42 U.S.C. § 1983. (Doc. 1). On October 20,
2020, the undersigned Magistrate Judge directed Plaintiff to pay this Court's filing fee of
$400 or file a motion to proceed *in forma pauperis*. (Doc. 3) p. 1. The undersigned
cautioned Plaintiff that his failure to comply on or before November 3, 2020, would result
in a recommendation that this case be dismissed without prejudice. *Id.* at 2.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure
to prosecute or obey a court order. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626,
629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal
is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser
sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101,
102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d
1533, 1535 (11th Cir. 1985)). Here, the undersigned finds that Plaintiff has willfully failed
to comply with the October 20, 2020 order. Considering Plaintiff's disregard for orders of

this Court, the undersigned further finds that sanctions lesser than dismissal would not suffice in this case.

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **March 8, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 22nd day of February, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE